Rebecca M. Aragon, Bar No. 134496
raragon@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, California 90071
Telephone: 213.443.4300
Fax No.: 213.443.4299

Nathaniel H. Jenkins, Bar No. 312067
njenkins@littler.com
LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, California 95814
Telephone: 916.830.7200
Fax No.: 916.561.0828

Attorneys for Defendant
ESA MANAGEMENT, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBIAN SAFLOR, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ESA MANAGEMENT, LLC, a Delaware limited liability company, and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>[28 U.S.C. §§ 1332, 1441, & 1446]<br><br>Complaint Filed: August 12, 2022 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF RUBIAN SAFLOR AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant ESA MANAGEMENT, LLC ("Defendant") removes the above-captioned action from the Superior Court of the State of California, County of San Mateo, to the United States District Court, Northern District of California, pursuant to 28 U.S.C. sections 1332(d) (Class Action Fairness Act of 2005), 1441(b), and 1446 on the following grounds:

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

**I. STATEMENT OF JURISDICTION**

1. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. See 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with United States Code, title 28, section 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

**II. VENUE**

2. This action was filed in the Superior Court for the State of California, County of San Mateo. Venue properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. sections 84(a), 1391, 1441, and 1446.

**III. PLEADINGS, PROCESS, AND ORDERS**

3. On August 12, 2022, Plaintiff RUBIAN SAFLOR ("Plaintiff") filed a Class Action Complaint against Defendant in San Mateo County Superior Court, titled: RUBIAN SAFLOR, individually, and on behalf of others similarly situated, vs. ESA MANAGEMENT, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive, bearing Case No. 22-CIV-03312 (the "Complaint"). The Complaint asserts the following causes of actions: (1) Failure to Provide Required Meal Periods; (2) Failure to Provide Required Rest Periods; (3) Failure to Pay Overtime Wages; (4) Failure to Pay Minimum Wages; (5) Failure to Pay All Wages Due to Discharged and Quitting Employees; (6) Failure to Maintain Required Records; (7) Failure to Furnish Accurate Itemized Wage Statements; (8) Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties; (9) Unfair and Unlawful Business Practices; and (10) Penalties under the Labor Code Private Attorneys General Act, as Representative Action (representative action).

4. On August 17, 2022, Defendant was served with a Notice and Acknowledgment of Receipt-Civil and the Complaint, along with copies of the Summons and Civil Case Cover Sheet. A true and correct copy of the Notice and Acknowledgement of Receipt-Civil, Complaint, Summons,

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

2

and Civil Case Cover Sheet served upon Defendant is attached as **Exhibit A** to the Declaration of Nathaniel H. Jenkins ("Jenkins Decl.") In Support of Defendant's Notice of Removal, filed concurrently herewith. Jenkins Decl. ¶ 2, Exh. A. Defendant then executed and returned the Notice of Acknowledgment and Receipt, thereby effectuating service of the Summons and Complaint, on September 6, 2022. *See* Jenkins Decl., Exh. A.

5. On October 5, 2022, Defendant filed its Answer to Plaintiff's Complaint in the Superior Court of the State of California, County of San Mateo. A true and correct copy of Defendant's Answer is attached as **Exhibit B** to the Jenkins Declaration, filed concurrently herewith. Jenkins Decl. ¶ 3, Exh. B.

6. As of the date of this removal, Defendant is not aware of any other parties having been named or validly served with the Summons and Complaint in this matter. Jenkins Decl., ¶ 4.

7. Pursuant to 28 U.S.C. § 1446(d), the attached Exhibits A – B constitute all process, pleadings and orders served on Defendant or filed or received by Defendant in this action. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in the Superior Court of the State of California, County of San Mateo, or served by any party. To Defendant's knowledge, no proceedings related hereto have been heard in the Superior Court of the State of California, County of San Mateo. Jenkins Decl., ¶¶ 2-4.

## IV. TIMELINESS OF REMOVAL

8. An action may be removed from state court by filing a notice of removal, together with a copy of all process, pleadings, and orders served on the Defendant within 30 days of service on defendant of the initial pleading. See 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the summons and complaint). Removal of this action is timely because this Notice of Removal has been filed within 30 days from September 6, 2022, when Defendant signed and returned the Notice and Acknowledgement of Receipt. 28 U.S.C. § 1446(b). Jenkins Decl., ¶ 2.

## V. NOTICE OF REMOVAL TO ADVERSE PARTY AND STATE COURT

9. With the filing of this Notice of Removal in the United States District Court for the Northern District of California, the undersigned is providing written notice of such filing to counsel

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT     3

for Plaintiff at Matern Law Group, P.C., 1230 Rosecrans Ave., Suite 200, Manhattan Beach, CA 90266. Jenkins Decl., ¶ 6. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of San Mateo. *Id*.

## VI. CAFA JURISDICTION

10. CAFA grants United States district courts original jurisdiction over: (a) civil class action lawsuits filed under federal or state law; (b) where the alleged class is comprised of at least 100 individuals; (c) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (d) where the matter's amount in controversy exceeds $5,000,000, exclusive of interest and costs. See 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets each CAFA requirement for removal, and is timely and properly removed by the filing of this Notice of Removal.

### A. Plaintiff Filed A Class Action Under State Law

11. Plaintiff filed his action as a class action based on alleged violations of California state law. Complaint ¶¶ 54-109.

### B. The Proposed Class Contains At Least 100 Members

12. 28 U.S.C. § 1332(d)(5)(B) states that the provisions of CAFA do not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100."

13. Plaintiff filed this action on behalf of herself and "the following similarly situated class of individuals ("CLASS MEMBERS"): all current and former non-exempt employees of DEFENDANTS in the State of California at any time within the period beginning February 21, 2020 and ending at the time this action settles or proceeds to final judgment (the "CLASS PERIOD")." Complaint ¶ 5

14. Based on a review of Defendant's records, Defendant employed a total of 2,801 hourly, nonexempt employees in California during the putative class period of February 21, 2020, to the present. Declaration of Nieves Alarcon in Support of Defendant's Removal of Civil Action to Federal Court Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 (hereinafter "Alarcon Decl."), ¶ 2. As such, there are well over 100 putative class members in this case.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

4

**C. Defendant Is Not A Governmental Entity**

15. Under 28 U.S.C. § 1332(d)(5)(A), CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."

16. Defendant is a corporation, not a state, state official, or other government entity exempt from CAFA. *See* Declaration of William Hashe in Support of Defendant's Removal of Civil Action to Federal Court Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 (hereinafter "Hashe Decl."), ¶ 3.

**D. There Is Diversity Between At Least One Class Member And One Defendant**

17. CAFA's minimal diversity requirement is satisfied, inter alia, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), 1453(b). In a class action, only the citizenship of the named parties is considered for diversity purposes, and not the citizenship of the class members. *Snyder v. Harris*, 394 U.S. 332, 340 (1969). Additionally, for removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal. *See Strotek Corp. v. Air Trans. Ass'n of Am.*, 300 F.3d 1129, 1130-1131 (9th Cir. 2002). Minimal diversity of citizenship exists here because Plaintiff and Defendant are citizens of different states.

18. For diversity purposes, a person is a "citizen" of the state in which she is domiciled. *See Kantor v. Wellesley Galleries*, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that person's domicile is the place he resides with the intention to remain). Furthermore, allegations of residency in a state court complaint create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (finding a place of residence provides "'prima facie' case of domicile").

///

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

5

19. Plaintiff is a citizen of California: Plaintiff has specifically alleged that, "PLAINTIFF is a resident of the State of California." Complaint ¶ 1. Defendant has thus established by a preponderance of the evidence that Plaintiff resides and is domiciled in California, and is, thus, a citizen of California. *Lew*, 797 F.2d at 751; *Smith*, 2008 WL 744709, at *7.

20. Defendant is NOT a citizen of California: ESA Management, LLC is a limited liability company organized and existing under the laws of the state of Delaware. Hashe Decl., ¶ 3. For diversity jurisdiction purposes, a limited liability company's citizenship "is determined by examining the citizenship of each of its members." *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990); *see also Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens.").

21. Defendant's corporate headquarters and principal place of business is in Charlotte, North Carolina, where the company's high level officers, direct, control, and coordinate the company's corporate and business activities. Hashe Decl., ¶ 3. At the time of this removal, the Defendant "LLC" is comprised of just two members: Eagle Sub Holdco LLC and Eagle Manager LLC. *Id.*

22. Eagle Sub Holdco LLC is a Delaware limited liability company with just one member: Eagle Manager LLC. *Id*. at ¶ 4. Eagle Manager, LLC., in turn, is a Delaware limited liability corporation with just three members: Greg Juceam, David Clarkson, and Christopher Dekle. *Id.* Mr. Juceam is a resident of Illinois, while both Mr. Clarkson and Mr. Dekle both reside in North Carolina. *Id*. As such, Defendant is a citizen of Delaware, Illinois, and North Carolina for purposes of this Court's diversity jurisdiction.

23. The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

24. Accordingly, the named Plaintiff is a citizen of a state (California) different from Defendant (Delaware), and diversity exists for purposes of CAFA jurisdiction. See 28 U.S.C. §§ 1332(d)(2)(A), 1453.

///

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

**E. The Amount In Controversy Exceeds $5,000,000**

25. "Under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006). Where, as here, the complaint is silent as to the amount in controversy, a preponderance of the evidence standard applies. *See Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 397 (9th Cir. 2010), *citing Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

26. Although Defendant expressly denies any liability for the damages alleged in Plaintiff's Complaint, for purposes of determining whether the minimum amount in controversy has been satisfied the Court must presume that Plaintiff will prevail on her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994)) (stating that the amount in controversy analysis presumes that "plaintiff prevails on liability"). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [defendant's] liability." *Lewis*, *supra,* 627 F. 3d at 400 (9th Cir. 2010). Stated differently, the ultimate inquiry is what amount is put "in controversy" by Plaintiff's Complaint, not what defendant might actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *accord Ibarra v. Manheim Investments, Inc.* 775 F.3d 1193, 1198 n. 1 (9th Cir. 2015) (explaining that even when the court is persuaded the amount in controversy exceeds $5,000,000, defendants are still free to challenge the actual amount of damages at trial because they are only estimating the amount in controversy).

27. CAFA authorizes the removal of class actions in which, among other factors mentioned above, the amount in controversy for all class members exceeds $5 million. See 28 U.S.C. § 1332(d). Here, the Complaint places more than $5 million in controversy.

28. The removal statute requires that a defendant seeking to remove a case to federal court must file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. §1446(a). The United States Supreme Court in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), recognized that "as specified in section 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Only if the plaintiff contests or the court questions the allegations of the

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

7

notice of removal is supporting evidence required. *Id.* Otherwise, "the defendant's amount in controversy allegation should be accepted" just as plaintiff's amount in controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id.* at 553. "[N]o antiremoval presumption attends cases invoking CAFA." *Id.* at 554.

29.   Here, Plaintiff does not allege the amount in controversy. When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so, and the notice of removal must simply include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Company LLC*, 135 S. Ct. at 554.

30.   While Defendant denies Plaintiff's claims of wrongdoing and denies her request for relief therein, as specifically outlined below, the factual allegations in Plaintiff's Complaint and the total amount of penalties, attorneys' fees, and other monetary relief at issue in this action clearly demonstrate that the total amount in dispute is in excess of this Court's jurisdictional minimum. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999) (facts presented in notice of removal, combined with plaintiffs' allegations, sufficient to support finding that jurisdictional limits satisfied). "[W]hen the defendant relies on a chain of reasoning that includes assumptions to satisfy its burden of proof [as to CAFA's amount-in controversy requirement], the chain of reasoning and its underlying assumptions must be reasonable." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015).

31.   Plaintiff seeks to recover damages and penalties for unpaid minimum wages and overtime, missed meal and rest period premium wages, failure to reimburse business expenses, as well as for inaccurate wage statements and for failure to timely pay wages upon separation. Complaint ¶¶ 15-50, Prayer for Relief. Further, Plaintiff's Complaint alleges a cause of action for violation of the Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200, *et seq*. Complaint, ¶¶ 51-56. Alleging a UCL violation may extend the statute of limitations for Plaintiff's and Class Members' meal period claims as well as the unpaid overtime and business expense claims from three to four years from the filing of the Complaint, which in this case extends the statute of limitations to August 12, 2018. *See* Cal. Bus. & Prof. Code § 17208; *Cortez v. Purolater Air Filtration*

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT       8

*Products Co.*, 23 Cal. 4th 163, 178-79 (2000) (four-year statute of limitations for restitution of wages under the UCL).

**Plaintiff's Waiting Time Penalty Claim Alone Exceeds $5,000,000**

32. In her Fifth Cause of Action, Plaintiff seeks waiting time penalties pursuant to California Labor Code sections 201, 202, and 203. Complaint, ¶ 34. Plaintiff alleges that as a result of Defendant's alleged failure to pay all minimum and overtime wages, and all meal and rest period premiums owed, that she and the putative class members are entitled to the maximum 30 days' waiting time penalties. *Id.* ¶ 36.

33. The statute of limitations for Plaintiff's Labor Code section 203 waiting time penalty claim is three years. *Pineda v. Bank of Am., N.A.,* 50 Cal. 4th 1389, 1395 (2010) ("no one disputes that when an employee sues to recover both unpaid final wages and the resulting section 203 penalties, the suit is governed by the same three-year limitations period that would apply had the employee sued to recover only the unpaid wages"). The Labor Code's penalty for failure to pay wages at termination is up to 30 days' wages for each employee. Cal. Labor Code § 203(a).

34. Defendant denies the merit of Plaintiff's waiting time penalty claim. But, for purposes of removal only, based on a review of its records, at least 1,927 employees have separated from Defendant's employment since February 21, 2020. Alarcon Decl., ¶ 3. The average pay rate for these terminated non-exempt employees was **$16.24**. Therefore, the amount in controversy for Plaintiff's waiting time penalties claim is approximately **$7,487,551.20** (2,007 employees x 8 hours x 30 days x $16.19)

35. Because Defendant easily meets the amount in controversy requirements on Plaintiff's Fifth Cause of Action alone, without her remaining claims, an analysis of the remaining claims is not included in this Notice of Removal, but would only add to the overall amount in controversy. For example, there are approximately 116,845 workweeks worked from February 21, 2020 to present. Alacorn Decl., ¶ 2. California law permits recovery of one additional hour of pay at the employee's regular rate of compensation for each workday a meal period was not provided. Cal. Labor Code § 226.7. Conservatively estimating that each putative class member is owed for one meal period premium per week worked, this would amount to **$1,897,562.80** (116,845 workweeks x $16.24

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

9

average hourly rate of pay). Defendant denies the merit of Plaintiff's meal period premium claim.

36. Additionally, the Ninth Circuit held that "the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). This amount includes future attorneys' fees. *See Fritsch v. Swift Transp. Co. of Ariz. LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("there is no question that future [attorneys' fees] are 'at stake' in the litigation); *see also Schneider v. Ford Motor Co.*, 2018 U.S. App. LEXIS 34965, n. 4 (9th Cir. Dec. 12, 2018), *citing, Fritsch*, "The possibility that the putative class members could receive an award of attorneys' fees buttresses our conclusion that the amount in controversy exceeds $5 million"). In California, it is not uncommon for an attorneys' fee award to be 25 to 33 percent of a settlement or judgment. *See, e.g.*, *McGuigan v. City of San Diego*, 183 Cal. App. 4th 610, 638 (2010) (noting attorneys' fees paid in settlement of $1.6 million); *Vasquez v. California*, 45 Cal. 4th 243, 249 (2008) (noting award of $435,000 in attorneys' fees for class claims involving failure to pay wages, liquidated damages, penalties, and waiting time penalties); *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1216-1218 (2008) (affirming award of $727,000 in attorneys' fees plus a multiplier that equated to total fees of $1,199,550 in class case involving violations of a living wage ordinance, the California Labor Code, as well as unfair competition and contract claims); *see also Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 972 (E.D. Tex. 2000) ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery."). Consequently, based on the amount in controversy for the waiting time penalty alone (**$7,487,551.20)** adding a conservative 25% for attorneys' fees, add yet another **$1,871,888.55** to the amount in controversy, which would then take the total amount in controversy (based on waiting time penalties alone) just immediately below the $10,000,000 mark – or double the amount required to satisfy CAFA.

## VII. SUMMARY

37. Removal of this action is therefore proper, as the aggregate value of Plaintiff's class causes of actions and attorneys' fees are in excess of the CAFA jurisdictional requirement of $5 million. *See* 28 U.S.C. § 1332(d)(2):

///

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

10

38. Accordingly, although Defendant denies Plaintiff's claims as alleged in the Complaint, the jurisdictional minimum is satisfied for purposes of determining the amount in controversy, as it exceeds the $5,000,000 threshold required under CAFA.

39. WHERFORE, Defendant hereby removes this action from the Superior Court of the State of California, County of San Mateo, to the United States District Court for the Northern District of California.

Dated: October 6, 2022

LITTLER MENDELSON, P.C.

*/s/ Nathaniel H. Jenkins*
REBECCA M. ARAGON
NATHANIEL H. JENKINS
Attorneys for Defendant
ESA MANAGEMENT, LLC

4864-5343-0581.3 / 051483-1024

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT    11