|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |
| 7 |   |
| 8 |   |
| 9 |   |
| 10 |   |
| 11 |   |
| 12 |   |

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| RUBIAN SAFLOR, individually, and on behalf of others similarly situated,<br><br>       Plaintiff,<br><br>  v.<br><br>ESA MANAGEMENT, LLC, a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>       Defendants. | Case No. 3:22-CV-05800-AGT<br><br>**ORDER GRANTING FINAL APPROVAL AND MOTION FOR ATTORNEYS' FEES AND COSTS; CLASS REPRESENTATIVE SERVICE PAYMENT; AND ADMINISTRATION COSTS** |
|---|---|

**ORDER**

Plaintiff Rubian Saflor's ("Plaintiff's") Motion for Final Approval of Class Action and PAGA Settlement and Motion for Attorneys' Fees and Costs; Class Representative Service Payment; and Administration Costs ("the Motions") came on for hearing on before this Court on December 20, 2024. Due and adequate notice having been given to Class Members as required by the Court's July 11, 2024 Order Granting Preliminary Approval (Dkt. No. 16), and the Court having considered all papers filed and proceedings herein, and having received no objections to the Settlement, and determining that the Settlement is fair, adequate, and reasonable, and otherwise being fully informed and good cause appearing therefore, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. For the reasons set forth in the Order Granting Preliminary Approval (Dkt. No. 16), which are adopted and incorporated herein by reference, this Court finds that the requirements of Rule 23 have been satisfied.

2. The Court, for purposes of this Order, adopts all defined terms as set forth in the Joint Stipulation For Class Action and PAGA Action Settlement and Release ("Settlement" or "Settlement Agreement") filed in this action.

3. The Court finds that it has jurisdiction over the subject matter of the action and over all parties to the action, including all members of the Class.

4. The Class Notice fully and accurately informed Class Members of all material elements of the proposed settlement and of their opportunity to opt out or object; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with the laws of the United States of America and due process. The Class Notice fairly and adequately described the Settlement and provided Class Members with adequate instructions and a variety of means to obtain additional information.

5. Class Members were given a full opportunity to participate in the Final Approval hearing, and all Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all Class Members who did not timely and properly opt-out of or request exclusion from the settlement are bound by this Order.

6. The Court hereby finds that there have been 0 objections to the Settlement. The Court also finds that there were 0 objections to the Settlement at the hearing on Final Approval.

7. The Court hereby finds that the following 1 Class Member validly requested to be excluded from the Settlement Agreement and is not bound by this Judgment: Jeanette Williams. Accordingly, 4,516 Participating Class Members are bound by this Judgment.

8. The Court has considered all relevant factors for determining the fairness of the Settlement and has concluded that all such factors weigh in favor of granting final approval. In particular, the Court finds that the Settlement was reached following meaningful discovery and investigation conducted by Class Counsel; that the Settlement is the result of serious, informed, adversarial, and arm's-length negotiations between the Parties; and that the terms of the settlement are in all respects fair, adequate, and reasonable.

9. In so finding, the Court has considered all evidence presented, including evidence regarding the strength of Plaintiff's case; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in settlement; the extent of investigation and discovery completed; and the experience and views of counsel. The Parties have provided the Court with sufficient information about the nature and magnitude of the claims being settled, as well as the impediments to recovery, to make an independent assessment of the reasonableness of the terms to which the Parties have agreed.

10. Accordingly, the Court hereby approves the settlement as set forth in the Settlement Agreement and expressly finds that the Settlement is, in all respects, fair, reasonable, adequate, and in the best interests of the entire Class and hereby directs implementation of all remaining terms, conditions, and provisions of the Settlement Agreement. The Court also finds that settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks if the Parties were to continue to litigate the case. Additionally, after considering the monetary recovery provided by the Settlement in light of the challenges posed by continued litigation, the Court concludes that the settlement provides Class Members with fair and adequate relief.

11. The Settlement is not an admission by Defendant or by any other released party, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendant or any other released party. Neither this Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendant or any of the other released parties.

12. Final approval shall be with respect to the following Class: All hourly, non-exempt employees employed by Defendant ESA Management LLC in California at any time during the period from December 16, 2019 through March 11, 2024 ("Class" or "Class Members").

13. The Court hereby finds that Plaintiff Rubian Saflor ("Plaintiff") is a suitable representative and is hereby appointed the representative for the Class. The Court finds that Plaintiff's investment and commitment to the litigation and its outcome ensured adequate and zealous advocacy for the Class, and that Plaintiff's interests are aligned with those of the Class.

14. The Court finds that the attorneys at Matern Law Group, PC have the requisite qualifications, experience, and skill to protect and advance the interests of the Class. The Court therefore finds that this law firm satisfies the professional and ethical obligations attendant to the position of Class Counsel, and hereby appoints them counsel for the Class for the purposes of this Settlement.

15. The Court finds that Plaintiff is entitled to reasonable attorneys' fees for Class Counsel under California Labor Code section 1194 and Civil Procedure Code section 1021.5.

16. Plaintiff seeks one-third of the common fund, or $593,333.33, for reasonable attorneys' fees. There were no objections to Plaintiff's fee request at the hearing. The Court finds that the amount of attorneys' fees requested is reasonable as a percentage of the common fund. The requested fees are also reasonable based on Class Counsel's lodestar of $153,335.00, which is based on 236 attorney and staff hours at their customary market hourly rates.

17. The Court thus finds that the Settlement Agreement's provision of $593,333.33 to Class Counsel for attorneys' fees is appropriate and orders such payment to Class Counsel to be paid from the Gross Settlement Sum.

18. The Court finds that Class Counsel's request for reimbursement of costs and expenses in the amount of $15,394.17 is reasonable, as these costs and expenses were reasonably incurred in connection with the prosecution and settlement of the Action and thus are reimbursable.

19. Therefore, Class Counsel shall be awarded a reimbursement of costs and expenses in the amount of $15,394.17 from the Gross Settlement Sum.

20. The Court finds that Plaintiff's request for a Class Representative Service Payment in the amount of $10,000.00 is reasonable, as Plaintiff put the interests of the Class Members ahead of her own, invested considerable time and effort in assisting in the prosecution of the Action, and assumed considerable risk by serving as the Class Representative. Plaintiff shall be awarded a Class Representative Service Payment in the amount of $10,000.00 from the Gross Settlement Sum.

21. The Court finds that the request for $30,000.00 to be paid to Phoenix Class Action Administration Solutions ("Phoenix") for administering the settlement in this matter is reasonable and was reasonably incurred in connection with the settlement of this Action. The Court approves the Administration Expenses Payment to be paid from the Gross Settlement Sum in the amount of $30,000.00 to Phoenix.

22. The Court finds that the Settlement Agreement's payment of $75,000.00 to the California Labor Workforce Development Agency ("LWDA") is appropriate and orders such payment to the LWDA to be paid from the Gross Settlement Sum.

23. Defendant shall pay Class Members and Aggrieved Employees pursuant to the procedures described in the Settlement Agreement.

24. Defendant shall separately pay its share of payroll taxes in addition to the Gross Settlement Sum.

25. All Class Members were given a full and fair opportunity to participate in the Final Approval Hearing, and all members of the Class wishing to be heard have been heard. Class Members also have had a full and fair opportunity to exclude themselves from the proposed settlement and the class. Accordingly, the terms of the Settlement Agreement and of the Court's Order shall be forever binding on all Class Members who did not timely and properly opt out of the Settlement. These Class Members have released and forever discharged the Defendant for any and all Released Claims.

26. Without affecting the finality of this Order, the Court shall retain exclusive and continuing jurisdiction over the above-captioned action and the parties, including all Class Members, for purposes of enforcing the terms of the Order entered herein and any Judgment entered.

27. The Parties are to provide a final report and accounting by August 1, 2025, or a date thereafter that is convenient for the Court.

28. Judgment shall be entered in accordance with the terms of this Order.

**IT IS SO ORDERED.**

Dated: January 3, 2025

The Honorable Alex G. Tse
United States Magistrate Judge